**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar #6228
ADAM R. KNECHT, ESQ.
Nevada Bar #13166
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
efile@alversontaylor.com
*Attorney for Wealth Accelerators Global LLC,*
*Michael Sancho, Eric Fiore, Sarah Waldrop*
*and Priyanka Ramlakhan*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DIAMOND STRIKE LLC, an Alabama Limited Liability Company; NICOLAS MAHONE, an Individual; JUTS TRUCKING LLC, a Georgia Limited Liability Company; ELEGIONS LLC, a Georgia Limited Liability Company; RASHAAD BOLTON, an Individual; BJ DELIVERY EXPRESS INC., a New York Corporation; JOSE ARISTY, an Individual; AMERIECOM LLC, a Texas Limited Liability Company; and LINDON SMITH, an Individual,<br><br>        Plaintiffs,<br>vs.<br><br>WEALTH ACCELERATORS GLOBAL LLC, a Nevada Limited Liability Company; MICHAEL SANCHO, an Individual; ERIC FIORE, an Individual; DYLAN NEWBERRY, an Individual; ERICA NEWBERRY, an Individual; SARAH WALDROP, an Individual; PRIYANKA RAMLAKHAN, an Individual; DOE DEFENDANTS I-X; ROE BUSINESS ENTITIES I-X;<br><br>        Defendants. | Case No.:<br><br>[District Court, Clark County, Case No.: A-23-865712-C, Dept. No.: 16]<br><br>**DEFENDANTS WEALTH ACCELERATORS GLOBAL LLC, MICHAEL SANCHO, ERIC FIORE, SARAH WALDROP, AND PRIYANKA RAMLAKHAN'S PETITION FOR REMOVAL** |

## PETITION OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendants WEALTH ACCELERATORS GLOBAL LLC ("Wealth Accelerators"); MICHAEL SANCHO ("Mr. Sancho"); ERIC FIORE ("Mr. Fiore"); SARAH WALDROP ("Ms. Waldrop"); and PRIYANKA RAMLAKHAN ("Ms. Ramlakhan") (collectively, the "Defendants") hereby files this Petition of Removal of the above referenced action from the Eighth Judicial District Court for the District of Nevada. In support of removal of this action, Defendant states as follows:

### I. BACKGROUND

1. On February 14, 2023, Plaintiffs DIAMOND STRIKE LLC, NICOLAS MAHONE, JUTS TRUCKING LLC, ELEGIONS LLC, RASHAAD BOLTON, BJ DELIVERY EXPRESS INC., JOSE ARISTY, AMERIECOM LLC, AND LINDON SMITH (collectively, the "Plaintiffs"), filed their Complaint against Defendants and various fictitious parties in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-23-865712-C. A true and correct copy of Plaintiffs' Complaint is attached hereto as **Exhibit A**.

2. On February 14, 2023, Plaintiffs filed a Request for Exemption from Arbitration, alleging an amount in controversy in excess of $50,000.00. *See* Ex. A.

3. On February 14, 2023, Plaintiffs filed an Application for Temporary Restraining Order and Preliminary Injunction. *See* Ex. A.

4. On February 16, 2023, Plaintiffs attempted to serve Wealth Accelerators. A true and correct copy of the Affidavit of Attempted Service is attached hereto as **Exhibit B**.

5. On February 18, 2023, Mr. Sancho was served. A true and correct copy of the Affidavit of Service is attached hereto as **Exhibit C**.

6. On February 18, 2023, Ms. Waldrop was served. A true and correct copy of the Affidavit of Service is attached hereto as **Exhibit D**.

7. On February 18, 2023, Ms. Ramlakhan was served. A true and correct copy of the Affidavit of Service is attached hereto as **Exhibit E**.

8. On February 20, 2023, Mr. Fiore was served. A true and correct copy of the Affidavit of Service is attached hereto as **Exhibit F**.

9. On February 24, 2023, Defendants filed an Opposition to Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction. A true and correct copy of Defendants' Opposition to Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction is attached hereto as **Exhibit G**.

10. On March 8, 2023, Plaintiffs filed a Supplemental Brief in Support of Their Application for Temporary Restraining Order and Preliminary Injunction. A true and correct copy of Plaintiffs' Supplemental Brief is attached hereto as **Exhibit H**.

11. On March 14, 2023, Defendants filed a Supplemental Brief in Support of Their Opposition to Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction. A true and correct copy of Defendants' Supplemental Brief is attached hereto as **Exhibit I**.

12. Pursuant to 28 U.S.C. § 1441(b), the citizenship of the fictitious defendants shall be disregarded in determining jurisdiction. *See* 28 U.S.C. § 1441(b)(1) (regarding removal based on diversity of citizenship jurisdiction, "in determining whether a civil action is removable under section 1332(a) of this title, the citizenship of fictitious defendants shall be disregarded").

13. Plaintiffs' Complaint pleads seven causes of action: (1) Breach of Contract, (2) Breach of Good Faith and Fair Dealing, (3) Bad Faith, (4) Conversion, (5) Unjust Enrichment, (6) Fraud, and (7) Declaratory Judgment. *See* Ex. A.

14. Plaintiff seeks specific performance against Wealth Accelerators for the refund of Plaintiffs' payments and destruction of all private information of Plaintiffs, a judgment against

Defendant for general and compensatory damages in an amount in excess of $1,420,000.00; actual, compensatory, and punitive damages as proven; reasonable attorney fees and costs of suit; and for such other relief as the Court deems appropriate or equitable. *See* Ex. A.

## II. TIMELINESS OF REMOVAL

15. Generally, notice of removal must be filed within 30 days of the defendant's receipt of a copy of the initial pleading in an action. *See* 28 U.S.C. § 1446(b).

16. In Plaintiff's Complaint, Plaintiff alleged damages in excess of $1,420,000.00, which put Defendants on notice that the amount in controversy was in excess of $75,000.00.

17. Due to the lack of information Plaintiff's counsel provided, the Commissioner set a hearing to obtain additional facts regarding Plaintiff's Request for Exemption from Arbitration.

18. Defendant Wealth Accelerators is a Nevada limited liability company whose members are citizens of Florida, California, Tennessee and Delaware, Mr. Sancho, Mr. Fiore, Ms. Waldrop and Ms. Ramlakhan are residents of Florida, Dylan and Erica Newberry are residents of California, Diamond Strike LLC and Nicolas Mahone are citizens of Alabama, JUTS Trucking LLC, Elegions LLC and Rashaad Bolton are citizens of Georgia, BJ Delivery Express, Inc. is a New York Corporation, Jose Aristy is a citizen of New York, Ameriecom LLC and Lindon Smith are citizens of Texas, which satisfies complete diversity of citizenship. *See* Ex. A.

19. Thus, this Notice of Removal is timely as there is complete diversity of citizenship and such Notice has been filed within thirty (30) days of Defendant receiving notice that the amount in controversy exceeds $75,000.00.

## III. DIVERSITY JURISDICTION

20. This Court has original subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute codified at 28 U.S.C. § 1332, which provides, in pertinent part, that the

4                                                              AK/28083

"district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different states." 28 U.S.C. § 1332(a)(1). As set forth below, the requirements for subject matter jurisdiction are satisfied because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**A. Complete Diversity of Citizenship Exists**

21. For the purpose of diversity of citizenship jurisdiction, an individual is a citizen of the state in which he is domiciled. *See Newman-Green, Inc. v. Alfonzo-Lorrain,* 490 U.S. 826, 828 (1989). For the purposes of diversity jurisdiction, an individual is domiciled in the single state where he resides if the individual has no present intention to reside in another state. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

22. For the purpose of diversity of citizenship jurisdiction, a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 93 (2010). A corporation's principal place of business is usually the singular location of the corporation's main headquarters "from which the corporation radiates out to its constituent parts." *Hertz Corp.,* 559 U.S. at 93. This "nerve center" test displaced the formerly utilized "business activities test" and does not take into consideration the places in which the corporation has a registered agent or conducts business. *Hertz,* 559 U.S. at 93. An unincorporated division, trade name, or d/b/a of a corporation is not a separate and distinct entity for purposes of removal, and its citizenship, for diversity purposes, is identical to that of the corporation to which it belongs.

*See e.g., Breitman v. May Company, Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) ("We find that the distinction between an incorporated subsidiary and an unincorporated division is important for determining diversity jurisdiction. A division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes.") (internal citations omitted).

23. A limited liability company is "a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

24. Diamond Strike LLC and Nicolas Mahone are domiciled in Alabama. *See* Ex. A.

25. JUTS Trucking LLC, Elegions LLC and Rashaad Bolton are domiciled in Georgia. *See* Ex. A.

26. BJ Delivery Express Inc. and Jose Aristy are domiciled in New York. *See* Ex. A.

27. Ameriecom LLC and Lindon Smith are domiciled in Texas. *See* Ex. A.

28. Wealth Accelerators is a Nevada limited liability company. The members of Wealth Accelerators is as follows: MS Enterprise Holdings, LLC, a citizen of Florida; Jaxter, LLC, a citizen of Florida; Gabee, LLC, a citizen of California; CF Investment Holdings, LLC, a citizen of Florida; EJF Strat Holdings LLC, a citizen of Florida; Fleetwood Concepts, LLC, a citizen of Florida; A1 Logistics, LLC, a citizen of Tennessee; Chudney Holdings, LLC, a citizen of Florida; Infinity Capital Holdings, LLC, a citizen of Delaware.

29. Mr. Sancho is domiciled in, and a resident of, Florida.

30. Mr. Fiore is domiciled in, and a resident of, Florida.

31. Ms. Waldrop is domiciled in, and a resident of, Florida.

32. Ms. Ramlakhan is domiciled in, and a resident of, Florida.

33. Upon information and belief, Dylan Newberry is domiciled in, and a resident of, California.

34. Upon information and belief, Sarah Newberry is domiciled in, and a resident of, California.

35. Because Plaintiffs are citizens of Alabama, Georgia, New York and Texas, and Defendants are citizens of Florida, California, Tennessee and Delaware, complete diversity of citizenship exists.

**B. The Amount in Controversy Exceeds $75,000, Exclusive of Costs and Interest**

36. "In determining whether the defendant has established that diversity jurisdiction exists, the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount in controversy requirement is met." *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp.2d 1143, 1145 (D.Nev. 2004) (citing *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

37. Plaintiffs' Complaint states that the damages suffered by Plaintiffs are in excess of $75,000.00.

38. Thus, the amount in controversy is facially apparent from the damages alleged in Plaintiffs' Complaint.

## IV. VENUE IS PROPER IN THIS DISTRICT AND DIVISION

39. Plaintiffs filed their Complaint in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, which lies in the United States District Court for the District of Nevada. Accordingly, venue is proper pursuant to 28 U.S.C. § 1441(a).

## V. THE OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

40. A Notice of Filing, with a copy of this Petition of Removal attached, will promptly be filed with the Clerk of the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, as required by 28 U.S.C. § 1446(d).

41. A written notice of the filing of this Petition of Removal will be given to Plaintiff as required by law pursuant to 28 U.S.C. § 1446(d).

42. Additionally, as required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders

filed in the underlying state court action are attached hereto as **Exhibit J.**

43. The allegations within this Petition of Removal are true and correct, and this cause is within the jurisdiction of the United States District Court for the District of Nevada.

44. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of its position that this civil action is removable.

DATED this 15th day of March, 2023.

ALVERSON TAYLOR & SANDERS

*/s/ Kurt R. Bonds*

KURT R. BONDS, ESQ.
Nevada Bar #6228
ADAM R. KNECHT, ESQ.
Nevada Bar #13166
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
efile@alversontaylor.com
*Attorney for Wealth Accelerators Global LLC,
Michael Sancho, Eric Fiore, Sarah Waldrop
and Priyanka Ramlakhan*

**CERTIFICATE OF SERVICE VIA CM/ECF**

I hereby certify that on this 15th day of March, 2023, I did serve, via Case Management/Electronic Case Filing, a copy of the above and foregoing **DEFENDANTS WEALTH ACCELERATORS GLOBAL LLC, MICHAEL SANCHO, ERIC FIORE, SARAH WALDROP, AND PRIYANKA RAMLAKHAN'S PETITION FOR REMOVAL** addressed to:

Sagar Raich, Esq.
sraich@raichattorneys.com
Brian Schneider, Esq.
bschneider@raichattorneys.com
RAICH LAW PLLC
6785 S. Eastern Ave., Suite 5
Las Vegas, Nevada 89119
*Attorneys for Plaintiffs*

*/s/ Teri Jenks*

An Employee of ALVERSON TAYLOR & SANDERS

I:\CLIENTS\28000\28083\pleading\Petition of Removal (Federal).doc